BOUTALL, Judge.
This is a criminal appeal in which defendant, Eric England, assigns as errors the failure of the trial judge to comply with his legal duty under La.C.Cr.P. art. 894.1 and the imposition of a constitutionally excessive sentence of 50 years at hard labor without benefit of probation, parole, or suspension of sentence under the armed robbery statute.[1]
The defendant was charged by a bill of information with violation of LSA-R.S. 14:64, armed robbery, and after a bench trial was found guilty as charged. On November 29, 1982, he was sentenced to 50 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.
The facts of the offense reveal on April 27, 1982 a man entered the Happy Hour Lounge on Fourth Street in Marrero, between 9:30 and 10 o’clock in the evening. As he approached the bar, the barmaid, Linda Perry, leaned over the bar to see what he wanted and noticed he had what appeared to be a gun in his hand, wrapped up in a blue denim rag. He first asked for potato chips and then, according to Ms. Perry’s testimony, he said, “I’ve got a gun, ... give me the money that you got and don’t do nothing or I will blow your head off.” Ms. Perry got the potato chips and placed the money from the register in the same bag as England had demanded. She then fled to a back room and told her boss that they were just robbed. A patron of the bar, Daniel Lee Kniesly, who had watched the exchange between the robber and Ms. Perry, got in his car and gave chase but was unable to locate him in the area. He did see a woman with a shirt emblazoned “Tammy”, who was identified as England’s girl friend. About two months after the robbery, Linda Perry saw a man, who resembled the robber, on Fourth Street in Westwego. Shortly thereafter a detective presented her with a photo lineup from which she selected Eric England’s photo identifying him as the person who had robbed her. Thereafter, England was apprehended at his residence.
Trial was held on September 13, 1982 and the trial judge found England guilty as charged, ordering a presentence investigation and setting a sentencing proceeding on November 29, 1982. In imposing sentence the court remarked that England had been found guilty; that the victim identified him and that he told her “give me all the money in the register or I will blow your head off.” Additionally, the judge noted that the presentence investigation revealed that England had a history of seven previous arrests; in one conviction, he was sentenced to DeQuincy in 1979 and while armed he committed another crime. The judge concluded saying “you are a menace to society and you are hereby sentenced to serve a period of 50 years within the State Correctional System without benefit of parole, probation or suspension of sentence.”
Although the penalty provision of the statute under which the defendant was convicted, R.S. 14:64, provides for a penalty of not less than 5 years nor more than 99 years at hard labor, without benefit of parole, probation or suspension of sentence, England has appealed asserting that the length of sentence is cruel and excessive under the Constitution and that the trial judge has failed to properly follow the guidelines for sentencing provided in Code of Criminal Procedure article 894.1. As for the first premise appellant simply argues to us that a term of 50 years is greater than the average sentence imposed in armed robbery cases. There is no evidence or statement of facts upon which the premise is founded. We believe that issue to be set at rest by the decision in State v. Smith, 433 So.2d 688 (La.1983) in which a sentence of 60 years at hard labor was upheld upon an armed robbery conviction.
*1201 Nevertheless, as pointed out in that case, even sentences within statutory limits may be reviewed for excessiveness and intertwined with that is a review of the record to insure that the trial court complied adequately with C.Cr.P. article 894.1 and accorded proper weight to all relevant sentencing factors. While the trial judge need not articulate every aggravating and mitigating circumstance outlined in article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. Following these principles, we stated in State v. Barrios, 425 So.2d 980 (La.App. 5th Cir.1983) at page 983:
“However, lack of compliance with the sentencing guidelines of C.Cr.P. art. 894.1 does not necessarily require that the sentences be set aside, if the record otherwise clearly illumines the trial court’s sentencing choice and demonstrates that the sentence is not arbitrary or excessive. State v. Jett, 419 So.2d 844 (La.1982). See also, State v. Lanclos, 419 So.2d 475 (La.1982); State v. Boatright, 406 So.2d 163 (La.1981); State v. Martin, 400 So.2d 1063 (La.1981), on rehearing, 400 So.2d 1074 (La.1981).”
In applying those principles to the instant case, we refer particularly to the case of State v. Dirden, 430 So.2d 798 (La.App. 5th Cir.1983) which also involved a consideration of excessive sentence under an armed robbery charge. We apply the same controlling principles we announced in that decision to the facts in this case. We note that the trial judge did not undertake the matter of sentencing lightly, but that he gave it serious consideration, indeed at the outset he ordered a pre-sen-tence investigation and set the sentencing hearing off for some two months so that the investigation could be made in depth. He certainly considered all of the items that were contained therein, and we must note that the defendant does not point out any error in the statements the trial judge made concerning it, nor indeed does he point out any mitigating circumstances beyond that which are contained in the trial record. Since the sentencing judge was also the trial judge who heard the evidence and found the defendant guilty, certainly he was aware of those factors. The only mitigation that defendant would point out is that he helped take care of his aged grandmother who was ill. As a balance to this, we also note that the record does not reflect that the defendant was working or providing financial support, but simply lived with his mother and grandmother in the grandmother’s house since his release from imprisonment some 2 years earlier.
Thus we point out that the record clearly reflects that all of the circumstances which the defendant points out to us in mitigation of his sentence have been considered by the trial judge in imposing this sentence and we conclude that the sentence imposed constitutes a fair and equitable penalty under the circumstances.
Accordingly, the conviction and sentence of the defendant, Eric England, is affirmed.
GRISBAUM, J., dissents.

. Defendant England made two other assignments of errors which were neither briefed nor argued; therefore, we consider them to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975). In any event, they are without merit. State v. Perry, 420 So.2d 139 (La.1982).