444 So.2d 320 (1983)
STATE of Louisiana
v.
Horace WASHINGTON.
No. 83 KA 0760.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Writ Denied February 16, 1984.
*322 Louis Thad Toups and Walter K. Naquin, Jr., Asst. Dist. Attys., Thibodaux, for plaintiff, State of Louisiana.
Martin J. Caillouet, Thibodaux, for defendant, Horace Washington.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
Defendant, Horace Washington, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64. After trial by jury, defendant was found guilty as charged and sentenced to serve twenty-five years with the Department of Corrections without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction alleging four assignments of error.
On the morning of December 18, 1981, two armed black men committed a robbery at the Des Allemands Branch of the Raceland Bank and Trust Company located near the border of Lafourche and St. Charles Parishes. The robbers were thought to have escaped on foot along the railroad tracks behind the bank and believed to have headed into St. Charles Parish. Using a K-9 dog, the police followed the robbers' trail into the swamp and back to the railroad tracks.
About two hours after the robbery, Major Ronald Katz and Deputy Eddie Rodrigue, Jr. saw Washington and Darryl Turner walking along the railroad tracks, about 5½ miles from the bank. After asking them to come down from the tracks, one officer asked if they knew about the bank robbery. Turner admitted they had committed the robbery and said he would show them where the money was located. At that point, Detective Katz arrested them and advised them of their Miranda rights. Turner then took the officers to the place *323 where the stolen money and two pistols were hidden. Defendant Washington filed motions to suppress physical evidence and statements. These motions were denied.
On appeal defendant urges four assignments of error:
(1) The trial court erred in denying defendant's motion to suppress evidence and incuplatory statements as they were fruits of an illegal arrest;
(2) The trial court erred in allowing Deputy Eddie Rodrigue, Jr., of the Lafourche Parish Sheriff's Office, to testify concerning hearsay;
(3) The trial court erred in allowing Major Ronald Katz, of the Lafource Parish Sheriff's Office, to testify concerning hearsay; and,
(4) The prosecuting District Attorney made prejudicial remarks during his closing argument, and therefore, defendant's conviction should be reversed.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court committed reversible error by denying his motions to suppress evidence and inculpatory statements which he contends were fruits of an illegal arrest. The defense argues that the defendant and Turner were questioned without being advised of their Miranda rights, that no probable cause existed for the arrest, and that the officers made the arrest outside their territorial jurisdiction.
The Fourth Amendment of the United States Constitution and Article 1, § 5, of the Louisiana Constitution protect citizens from unreasonable searches and seizures. Implicit within this protection is the legal restraint upon police from approaching citizens under circumstances that make it seem that detention is imminent unless they have probable cause to arrest the individual or reasonable grounds to detain the individual. State v. Duplessis, 391 So.2d 1116 (La.1980). However, police officers do not need probable cause to arrest or reasonable cause to detain each time they attempt to converse with a citizen. The fact that the police approach a citizen and address him does not compel that citizen to respond, and nothing prevents that citizen from choosing not to answer or from walking away. State v. Shy, 373 So.2d 145 (La.1979); State v. Beasley, 430 So.2d 1273 (La.App. 1st Cir. 1983).
In the case sub judice, the police officers saw the defendants walking along the railroad tracks. The officers asked defendants to come down from the tracks and questioned them as to what they were doing in the area. At this point, defendant Turner stated that he and Washington had committed the robbery. Thus Turner, under non-coercive circumstances, chose to respond to the officers' questions and made a voluntary inculpatory statement. This statement was made before Turner was in custody or detained and, thus, before Miranda warnings were required. State v. Menne, 380 So.2d 14 (La.1980), cert. denied 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980).
The defense further contends that the physical evidence (money and pistol) should have been suppressed because it was fruit of an arrest made without probable cause. Probable cause is determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. State v. Johnson, 422 So.2d 1125 (La.1982). We find that probable cause existed for the arrest when Turner confessed.
The defense also contends that the arrest was illegal because it occurred a few miles outside the Lafourche Parish deputies' territorial jurisdiction. The codal provisions which authorize lawful arrest both with and without a warrant empower officers in close pursuit to leave their territorial jurisdiction for the purpose of effecting an arrest. LSA-C.Cr.P. arts. 204, 213; State v. Bickham, 404 So.2d 929 (La.1981).
*324 In the instant case the robbery occurred shortly after 10:00 a.m. The sheriff's office was contacted immediately, and officers began trailing the robbers. When the officers encountered Turner and Washington on the railroad tracks, only two hours had elapsed since the robbery. In addition, the officers were only five and a half miles from where the robbery had occurred. We find the exception of close pursuit applicable.
Moreover, defendant was arrested for a felony, and LSA-C.Cr.P. arts. 213(3) and 214 authorize private citizens and peace officers alike to arrest for felonies not committed in their presence. Thus, even if the officers were acting only as private citizens when they effectuated the arrest, it was valid under Louisiana statutory law. State v. Bickham, supra.
Therefore, the money and guns obtained were not fruits of an illegal arrest and were properly admitted as evidence.

ASSIGNMENTS OF ERROR NOS. TWO AND THREE
Defendant contends that the trial judge committed reversible error by allowing Eddie Rodrigue, Jr. and Ronald Katz to testify as to Turner's statement that he and Washington had committed the bank robbery. The trial court ruled that Turner's statements were hearsay but admissible under the res gestae exception as they were part of one continuous act following the robbery. We agree.
What forms part of the res gestae is always admissible in evidence. LSA-R.S. 15:447. To constitute res gestae, the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction. LSA-R.S. 15:448. In Louisiana, the res gestae doctrine is broad and includes not only spontaneous utterances and declarations made before or after commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during or after commission of the crime, if the continuous chain of events is evident under the circumstances. State v. Kimble, 407 So.2d 693 (La.1981).
The defense contends that, since Turner's statements were made more than two hours after the robbery and five miles from the location of the robbery, they were not part of the incident of the criminal act nor part of a continuous transaction.
Defendant cites State v. Gautreaux, 377 So.2d 289 (La.1979), which held a statement made ten to thirty minutes after the crime was not part of the res gestae. In that case, however, the defendant left the scene, stopped at a gas station and joined a nonparticipating friend and others. His statement did not occur under the immediate pressure of the stabbing but during a laughter filled post mortem of the fight by the participants. Furthermore, the Louisiana Supreme Court has held that even a conversation held three weeks after the criminal act was part of one continuous transaction and, therefore, admissible under the res gestae exception. State v. Feeback, 414 So.2d 1229 (La.1982).
In the instant case, two black men robbed the bank, and the robbers escaped through a fence that led to the railroad tracks. A K-9 dog was used to track their trail which headed towards New Orleans. The trail followed the railroad tracks, occasionally going into the wooded swamp area. Two black men, defendant and Turner, were found walking along the railroad tracks headed in the direction of New Orleans. They were wet almost up to their waists.
We find that a continuous chain of events occurred from the time of the bank robbery until defendant and Turner were found walking along the railroad tracks and Turner admitted they committed the robbery. Thus, we hold the statements were part of the res gestae and admissible.

ASSIGNMENT OF ERROR NUMBER FOUR
The defense contends that during closing argument the prosecutor made prejudicial *325 remarks which warrant a reversal of defendant's conviction.[1]
When a prejudicial remark is made in the presence of the jury, the remedy provided is either mistrial or admonition. LSA-C.Cr.P. arts. 770, 771. However, where the defendant does not object to the comments made to the jury, move for a mistrial, or ask that the jury be admonished to disregard the comments, then the trial judge has been afforded no opportunity for review. LSA-C.Cr.P. art. 841; State v. Brogdon, 426 So.2d 158 (La.1983).
In the present case, the defense did not object to the remarks made. In addition, there was no request for an admonition or motion for mistrial. Defendant, therefore, is deemed to have waived any error on appeal which he may have claimed under the above cited articles.
For the above and foregoing reasons, we find no merit to any of defendant's contentions. Accordingly, the defendant's conviction is affirmed.
AFFIRMED.
NOTES
[1] The defense attorney in his closing remarks stated:

"Very important, where are Ernest Dorsey and Wilbert Howard? They were also arrested and charged with this crime. Why weren't they presented today to explain what happened? If the State has such a convincing case, why weren't these people here to testify? Now, did Darryl Turner commit the robbery with Ernest Dorsey or did he commit it with Wilbert Howard? I don't known and you don't know and the reason none of us know is because the State failed to produce these people to explain it."
On rebuttal, the assistant district attorney stated:
"Also, a Mr. Dorsey and Howard have been mentioned and much has been made of the fact that we have not called them to testify regarding participation in the robbery. If that is the case and if they can prove or it wewhy weren't they called by the defense to show that Mr. Washington did not commit the robbery?"