551 So.2d 687 (1989)
STATE of Louisiana
v.
Tommie Lee ADDISON.
No. KA 88 1497.
Court of Appeal of Louisiana, First Circuit.
October 11, 1989.
*688 Barbara Cole, Asst. Dist. Atty., Amite, for plaintiff-appellee.
Mike Nunnery, Hammond, for defendant-appellant.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Tommie Lee Addison was charged by bill of information with possession with intent to distribute pentazocine, a violation of La. R.S. 40:967. After trial by jury, defendant was found guilty as charged. The trial court sentenced defendant to imprisonment at hard labor for a term of seven years *689 without benefit of parole, probation or suspension of sentence, and to pay a fine of fifteen thousand dollars.

FACTS
Initially, we note that, in defendant's motion for appeal and designation of the appellate record, defendant did not designate that the testimony adduced at trial be transcribed. In accordance with defendant's designation of the record, the record of the trial itself is essentially limited to a transcript of the portion of the trial relating to the opening statements of the prosecutor and defense counsel. However, the record does include a transcript of a November 26, 1986, pre-trial hearing pertaining to defendant's preliminary examination and his motion to suppress a search warrant (which authorized a search of his residence) and the evidence seized pursuant to that warrant.
The record does reveal that, at trial, the state introduced in evidence the search warrant, i.e., state exhibit S-4. S-4 reflects that the warrant was issued on January 23, 1986, at noon. It authorized the search of defendant's Hammond, Louisiana, residence for controlled dangerous substances and associated paraphernalia. The warrant included the affidavit of Officer Mike Sticker of the Tangipahoa Parish Sheriff's Office disclosing the facts which provided probable cause for issuance of the warrant. Those facts were as follows: On January 23, 1986, Sticker received information from a confidential informant (C.I.) that defendant had about two hundred sets of T's and Blue's in his possession. The C.I. had been present at defendant's residence within the preceding forty-eight hours; and, while there during that time frame, the C.I. had seen the sets and had seen defendant sell sets at defendant's residence. Sticker's affidavit concluded with a statement that the C.I. had proven to be reliable in the past and that the C.I.'s information had led to the arrest and conviction of numerous individuals for felonies in the past.
At trial, the state also introduced into evidence a receipt bearing the same date as the warrant. The receipt lists various items seized as a result of the warrant. Sticker's testimony at the November 26 pre-trial hearing reveals that, during the January 23, 1986, search of defendant's residence, Sticker and other officers conducted the search and seized the following: one hundred seventy-four (empty) zip-lock bags, several "medicine type" bottles that appeared to be labeled with ordinary pharmaceutical labels, two zip-lock bags each containing suspected sets of T's and Blue's, and one thousand three hundred eighty-five dollars in cash.
According to Sticker, defendant and Ms. Dorothy Reeves (defendant's roommate) were arrested when the two bags containing the suspected sets were found inside a closet in defendant's kitchen. At that time, both were advised of their constitutional rights.
ASSIGNMENTS OF ERROR NOS. ONE AND TWO:
By means of these assignments, defendant asserts that, contrary to La.C.Cr.P. art. 770(2), the prosecutor referred in her opening statement to another crime (distribution of pentazocine) alleged to have been committed by him as to which evidence was not admissible. Defendant contends that, pursuant to La.C.Cr.P. art. 770, the reference to the alleged other crime mandated a mistrial and that the trial court's refusal to grant his motion for mistrial constituted reversible error.
The record reveals that the reference (upon which these assignments are based) occurred during the prosecutor's opening statement, as follows:
On January 23rd, 1986, a confidential informant notified Detective Stricker, (sic) at the sub-station in Hammond, which is part of the Sheriff's Department, that he had some information concerning the possession of large amounts of a street drug called T's and Blues, in the possession of one Tommie (sic) Lee Addison. That he had seen these drugs in the possession of Tommie (sic) Lee Addison in the last forty-eight hours. Needless to say, Detective Stricker (sic) was interested in hearing about that.

*690 This confidential informant went to the sub-station, and he shared the information, and what he had viewed with Detective Stricker (sic). When Detective Stricker (sic) heard this, he knew that he needed more information, if he was to do anything about this allegation. And as such, and as is done in this type of criminal activity, this confidential informant offered to go buy some sets, and that's what they're called, sets of T's and Blues from Tommie (sic) Lee Addison. Detective Sticker gave the informant the money, to go buy these sets; he searched that informant, and he searched that informant's car. That informant got in his car; Detective Sticker got in his car, and he followed that informant to Tommie (sic) Lee Addison's house. When they got to Tommie (sic) Lee Addison's house, the informant got out of the car, he went into the residence of Mr. Addison, and he purchased three sets of T's and Blues.
At this juncture, defense counsel moved for a mistrial. The jury was removed from the courtroom; and, out of the jury's presence, defense counsel argued that the reference to an alleged sale between defendant and the C.I. constituted a reference to another crime prohibited by La.C.Cr.P. art. 770, requiring that a mistrial be granted. The state countered that the alleged drug sale was within the res gestae and that evidence of the alleged transaction was admissible to show defendant's intent to distribute (pentazocine). The trial court then ruled that the alleged sale was not part of the res gestae, since it would constitute a crime totally separate from the instant offense. However, the trial court found that evidence of the alleged sale was admissible to show defendant's criminal intent as to the instant offense. On the basis of that finding, the court concluded that defendant's motion for mistrial was not well-founded and denied the motion for mistrial. Additionally, the trial court ruled that, if the state intended to introduce evidence of the alleged offense, it would order and direct that the identity of the C.I. be disclosed to permit the effective exercise of defendant's constitutional right to confrontation. Accordingly, the trial court further ruled that the state had a choice of either producing the C.I. or not introducing evidence of the alleged drug sale and that, if the state chose not to introduce evidence of the alleged sale, the court would admonish the jury to disregard the state's remarks in its opening statement referring to the alleged transaction.[1] The defense objected to the denial of its motion for a mistrial on the basis that an admonishment was insufficient. The record reflects that the state indicated to the court its choice not to introduce the evidence and that, upon being returned to the courtroom, the trial court admonished the jury to disregard the prosecutor's remarks in her opening statement referring to the alleged drug sale.
Generally, evidence of other acts of misconduct is not admissible. The prosecution may not introduce evidence of other crimes unless the evidence is substantially relevant for some purpose other than to show a possibility that defendant committed the crime with which he is charged because he is a man of general criminal character. State v. Harris, 383 So.2d 1, 8 (La.1980). Aside from the related offenses admissible as part of the res gestae and convictions admissible for impeachment purposes, Louisiana statutes provide for only three instances wherein other crimes evidence is "substantially relevant" such as to qualify as an exception to the general rule of exclusion: acts relevant to show intent, knowledge, or system. La.R.S. 15:445, 15:446; State v. Kahey, 436 So.2d 475, 487 (La.1983).
What forms part of the res gestae is always admissible in evidence. La.R.S. 15:447. To constitute res gestae, the circumstances and declarations must be necessary incidents of the criminal act, or immediate *691 concomitants of it, or form in conjunction with it one continuous transaction. La.R.S. 15:448.[2] In Louisiana, the res gestae doctrine is broad and includes not only spontaneous utterances and declarations made before or after commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during or after commission of the crime, if the continuous chain of events is evident under the circumstances. State v. Kimble, 407 So.2d 693, 698 (La.1981); State v. Washington, 444 So.2d 320, 324 (La.App. 1st Cir.1983), writ denied, 445 So.2d 450 (La.1984).
The prosecution within a reasonable time before trial must furnish in writing to the defendant a particularized statement of the other acts or offenses it intends to offer specifying the exception to the general exclusionary rule upon which it relies for their admissibility. State v. Goza, 408 So.2d 1349, 1352 (La.1982); State v. Prieur, 277 So.2d 126, 130 (La.1973). The only exception to the requirement of notice of intent to use other crimes evidence is as to evidence of offenses which are part of the res gestae, or convictions used to impeach defendant's testimony. Goza, at 1352. The reason no notice is required as to res gestae evidence is that, for evidence of the other crime to so qualify, the other crime must be so closely connected that the indictment or information as to the instant crime is deemed to carry with it notice as to the other crimes as well. State v. Schwartz, 354 So.2d 1332, 1334 (La.1978).
Louisiana Code of Criminal Procedure article 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;

* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Normally, an admonition by the trial court is sufficient to dispel the possibility of prejudice against the defendant arising from an improper remark made during the trial. La.C.Cr.P. art. 771. However, some situations are so prejudicial that a mistrial is mandated. La.C.Cr.P. art. 770.
In the scenario outlined in the prosecutor's opening statement, the C.I. disclosed on January 23, 1986, to Detective Sticker that he had seen in the preceding forty-eight hours large amounts of T's and Blue's in defendant's possession. After making the foregoing disclosure to Sticker, the C.I. agreed to purchase some sets of T's and Blue's from defendant. Sticker gave the C.I. money to buy the sets. He searched the C.I. and the C.I.'s car. Thereupon, the C.I. and Sticker got into their respective vehicles. Sticker followed the C.I. to defendant's residence. There, the C.I. exited his vehicle, went inside defendant's residence and purchased three sets of T's and Blue's.
The prosecutor made no offer of additional facts about the "other crime" to show that it came under the res gestae exception. We agree with the trial court that the scenario presented in the state's opening statement does not fall within the res gestae. The state failed to establish that the "other crime" was a necessary incident or immediate concomitant of the charged offense or that it formed, in conjunction with the charged offense, one continuous transaction. Additionally, the *692 state failed to show the "other crime" was related and intertwined with the charged offense to such an extent the state could not have accurately presented its case without reference to it. Indicative of the contrary is the state's choice not to introduce evidence of the "other crime" and to accept the trial court's admonition. Hence, the trial court correctly ruled that evidence of the "other crime" was inadmissible under the res gestae exception.
We have reviewed the record and find that the state did not give defendant the required Prieur notice of its intention to introduce evidence of the "other crime" to show intent to commit the instant offense. However, the prosecution's duty to give the defendant Prieur notice of its intent to use other crimes evidence is separate and independent of the question of the admissibility of the evidence. State v. Goza, 408 So.2d at 1353. Although a pre-trial evidentiary hearing to determine the admissibility of such evidence is preferable, such a hearing is not always required. State v. McDermitt, 406 So.2d 195, 201 (La.1981).
Notwithstanding the failure to give prior Prieur notice and to hold a pre-trial hearing in this case, we hold that the "other crime" evidence was admissible (although the state decided not to introduce any such evidence) to prove defendant's intent to commit the instant offense. See State v. Grey, 408 So.2d 1239, 1242 (La. 1982).[3]
Since the evidence of the "other crime" was admissible to show intent, the prosecutor's reference to the "other crime" in her opening statement was not proscribed by La.C.Cr.P. art. 770(2). Thus, the trial court properly denied defendant's motion for mistrial.
These assignments lack merit.
ASSIGNMENT OF ERROR NO. THREE:
By means of this assignment, defendant contends that the "new information" as to the alleged sale of drugs by him to the C.I. called into question the C.I.'s credibility. Defendant asserts that this "new information" (which was not disclosed in the affidavit upon which the search warrant was based) was unknown to him prior to trial and that it was not brought out in pre-trial motions. As previously noted in footnote three of this opinion, the record reflects that the "new information" was disclosed during a November 26, 1986, pre-trial hearing. Defendant does not contend that the statement of facts set forth in the search warrant affidavit did not establish probable cause for the search of his residence. However, in his argument he states that the omission of the "new information" from the affidavit resulted in the warrant being tainted and illegally obtained.
Normally, the law does not permit a reviewing court to "go outside the four corners of a search warrant affidavit" in reviewing a probable cause determination. State v. Morris, 444 So.2d 1200, 1202 (La. 1984). However, where there are inadvertent material omissions, the reviewing court will look to outside evidence to support or destroy a probable cause finding. State v. Morris, 444 So.2d at 1202; State v. Roebuck, 530 So.2d 1242, 1251 (La.App. 4th Cir.), writ denied, 531 So.2d 764 (La.1988).
The additional information, that defendant had sold three sets of T's and Blue's to the C.I. on the morning the search warrant was issued, did not in any way taint or render the warrant illegal. To the contrary, that information (if added to the affidavit of facts) augments the probable cause which had already been established *693 through the facts set forth in the affidavit.
This assignment lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
LeBLANC, J., dissents and assigns reasons.
LeBLANC, Judge, dissenting.
I respectfully dissent. The evidence of other offenses was not "admissible" at the time the prosecutor made reference to it because the state, in its answer to the Motion for Discovery filed by the defendant, admitted that they had no evidence to offer under the authority of La.R.S. 15:445 or 15:446. Since the state had no admissible evidence of other offenses to offer, I feel that article 770 of the Code of Criminal Procedure applies and that the Motion for Mistrial should have been granted.
I believe that it is apparent from the arguments that the state acted in good faith, believing that the evidence of the other offenses would have been admissible as part of the res gestae. However, I agree with the trial court, and my learned brethren in the majority, that this evidence was not part of the res gestae. Since the transcript of the trial was not made part of any assignment of error, I am unable to determine if this mistake by the state constituted harmless error.
NOTES
[1] Although the state objected to (the portion of the) trial court's ruling that the alleged rule was not within the res gestae, the state did not apply for supervisory writs contesting the trial court's ruling whereby the state was given the choice to either produce the C.I. or not introduce evidence of the alleged sale. Hence, we find it unnecessary to express an opinion as to the choice the trial court gave to the state.
[2] Although the provisions of La.R.S. 15:445-15:448 is the law that was in effect and applicable to defendant's trial, those provisions were repealed by Section 8 of Act 515 of 1988 which enacted the Louisiana Code of Evidence; and, subject to the provisions set forth in Section 12 of the Act, the Act became effective January 1, 1989.
[3] We note that in brief defendant claimed that the information as to the alleged drug transaction between the C.I. and defendant was not brought out in pre-trial motions and that the information was "new information." However, to the contrary, the record reflects that that information was brought out at the November 26, 1986, pre-trial hearing pertaining to defendant's preliminary examination and his motion to suppress and that defense counsel questioned Detective Sticker extensively in regard to that information.

During the November 26 hearing, Detective Sticker testified that (on the morning the search warrant was issued) he had given the C.I. about thirty-five or thirty-six dollars in unmarked money. The C.I. used thirty dollars of that money to purchase three sets from defendant. When questioned as to whether or not the C.I.'s purchase of those sets was the same sale of sets referred to in the search warrant, Sticker replied that the C.I. had not informed him of the identity of the purchaser of the sets referred to in the affidavit.