GAUDIN, Judge.
Henry Owens pled guilty to LSA-R.S. 40:967, possession of cocaine, and was sentenced to two years at hard labor, which was suspended. He was placed on active probation for two years with special itemized conditions.
Owens’ plea was entered pursuant to State v. Crosby, 338 So.2d 584 (La.1976); he reserved his right to appeal. Previously his motion to suppress evidence had been denied in the 24th Judicial District Court.
For the following reasons, we are of the opinion that the motion to suppress was properly and with good cause denied. Accordingly, we affirm Owens’ guilty plea[1] and sentence.
Owens was arrested at approximately 2:30 a.m. on October 14, 1987. A Gretna policeman testified at the suppression hearing that he and another officer noticed a vehicle driven by Gregory Brown speeding 75 miles per hour on the elevated portion of the Westbank Expressway in a 55 miles per hour zone. The officers activated the emergency lights on their patrol car and gave chase. Brown, with Owens as a passenger in the vehicle, eventually was stopped in the Schwegmann parking lot just off the expressway in Harvey, Louisiana.
When Brown refused to sign a traffic ticket, he was arrested. Brown then told the policemen that he wanted Owens to drive his car home. One of the officers asked Owens to produce his driver’s license. Owens opened a small black handbag and opened it, apparently to get his license out. As the handbag was opened, one of the officers observed a clear plastic bag containing a white powder substance. This substance was seized by the police and tested positive for cocaine.
Owens and Brown gave different versions. They testified that after the automobile was stopped, they were ordered out of the car. One of the officers then searched the vehicle and found and opened Owens’ handbag, discovering the cocaine. Owens stated that he was not asked to show his driver’s license, which was, he said, in his pocket and not in the handbag.
Owens previously presented this argument to this Court in a writ application, State v. Owens, No. 88-K-878. In denying the writ, we said:
“We cannot say the trial judge erred in believing the police officer and not the defendant and his friend, Gregory Brown. Trial judges, in making credibility calls have broad discretion.”
On further review, in accord with State v. Fontenot, 550 So.2d 179 (La.1989), we again see no reason to substitute our findings of fact for those of the trial judge. The testimony of Gretna deputy Russell Lloyd, a six-year policeman, at the motion to suppress hearing, particularly under cross examination, was straightforward and direct. It was not error for the trial judge to accept his version of the stop and arrest incident.
*1064 Following the hearing, the trial judge stated:
THE COURT:
I find as a matter of fact that on the night in question, Officer Lloyd was in pursuit of Mr. Brown and Mr. Owens, who were speeding on the Expressway. Mr. Brown has acknowledged that he was found guilty of that offense. The officers' were justified in stopping the vehicle, even though it was out of the jurisdiction of Gretna. The Court believes the testimony of Officer Lloyd, that he asked that Mr. Owens produce his driver’s license. There’s no way that he would have known that the bag belonged to Mr. Owens if he hadn’t had someone identify as belonging to Mr. Owens. Merely searching the vehicle and finding the bag makes no sense. The testimony of Mr. Brown makes no sense at all. Once Mr. Owens is requested to produce the driver’s license, which he could have refused to do — I agree with counsel he was not obligated, but he did so voluntarily. When he did that, he made the substance in question plainly visible to the officer. That was in plain sight, and he was justified in running the field test.
I find nothing improper about the action of Officer Lloyd under those facts and circumstances, and the motion to suppress is denied.
Owens did not on appeal complain about the arrests being beyond the Gretna city limits. The officers started the chase in Gretna and could legally continue in pursuit until the fleeing automobile stopped.
We examined the record for errors patent and found none. Owens entered his guilty plea after being fully informed of each of his constitutional rights and after his earlier motion to suppress evidence had been correctly denied.
AFFIRMED.

. Entered under LSA-R.S. 40:983.