573 So.2d 556 (1991)
STATE of Louisiana
v.
Edmond J. SCOTT.
No. 90-KA-603.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 1991.
Writ Denied March 28, 1991.
*557 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Edmond J. Scott, was convicted by a twelve person jury of armed robbery of a Taco Tico restaurant on Veterans Highway in Jefferson Parish and sentenced to 50 years at hard labor without benefit of parole, probation or suspension of sentence, to run concurrent with another case (# 85-650). Scott was tried in October 1985, and sentenced in December 1985.
This court on July 13, 1990, granted Scott's writ application, treating it as a motion for out-of-time appeal. Counsel was ordered to be appointed to represent the defendant on review. He assigns two district court errors:
1) The trial court erred in denying the motion to suppress.
2) The trial court imposed an excessive sentence.
Scott raised three other claims in his writ application, however, these were neither briefed nor argued by his court appointed counsel. Thus, we consider assignments or claims abandoned as per Rule 2-12.4, Uniform RulesCourts of Appeal and State v. Smith, 452 So.2d 251 (La.App. 5th Cir. 1984).
We find the assignments of error to be without merit. Also, there are no errors patent. Accordingly, Scott's conviction and sentence are affirmed.

FACTS
At trial, the State called three witnesses to testify: Officer Paul Hebert, the investigating officer, and the two victims of the armed robbery, Darleen Morgan and Josie Garcia.
Morgan testified that on May 23, 1985, at approximately 3:30 p.m., while employed as a cashier at the Taco Tico restaurant on Veterans Highway, she was robbed at gunpoint by a man subsequently identified as the defendant. According to Morgan, the defendant approached the register and ordered two tacos. When she told him the amount of his order, he put a plastic bag on the counter, pointed a gun at her and the manager, Josie Garcia, took the money from the register and fled.
Garcia testified that on the date in question she observed Morgan fumbling through the register. When she approached Morgan to inquire as to the problem, *558 the defendant pointed a gun at her, took the money and fled.
Approximately two weeks after this incident, Morgan and Garcia were individually shown a photographic lineup at which time they positively identified the defendant as the perpetrator of the armed robbery. At trial, Morgan and Garcia were again shown the photographic lineup and each recognized and identified the photograph of the defendant which they previously had chosen. Both ladies positively identified the defendant at trial as the perpetrator.
The State also called Officer Paul Hebert of the Jefferson Parish Sheriff's Office as a witness. He testified that on May 23, 1985, he was dispatched to the scene of an armed robbery at Taco Tico. Once there, he talked to the manager and employee about what had transpired. Approximately two weeks after this incident, Officer Hebert observed a subject in the 67 or 6800 block of Veterans Highway which fit the description given by the employees of Taco Tico.
The defendant was then escorted to the First District Police Station where the officers talked to him and took a mug shot of him. Officer Hebert subsequently returned to Taco Tico and conducted a photographic lineup which resulted in the positive identification of the defendant as the perpetrator. After he obtained this positive identification, he filled out an arrest report, and booked the defendant at parish prison for armed robbery. A plastic bag containing a gun and a red and white baseball cap were seized from defendant.
It should be noted that at trial, defense counsel did not object to the introduction of the six lineup photographs nor did he object to the introduction of the evidence, a blue steel revolver, a red and white baseball cap, and a plastic bag.
At trial, defendant provided the testimony of two alibi witnesses. Ken Scott, defendant's brother, testified that during the week of May 23, 1985, he and the defendant were doing sheetrock work and painting their mother's house daily from 10:00 a.m.-7:30 p.m. This testimony was corroborated by defendant's mother, Paulene Scott. On cross-examination, Kent Scott admitted that he first learned that he was going to be a witness on behalf of his brother about a week earlier. In fact, he did not even know his brother was arrested with regard to this incident.

ASSIGNMENT OF ERROR NO. 1

MOTION TO SUPPRESS
The defendant filed a motion to suppress seeking the exclusion of the photo lineups, any statements made by the defendant, and the physical evidence, if any, recovered from defendant. He based his motion to suppress on the allegation that his arrest was made without probable cause and without a warrant and as such, violated his Fourth Amendment constitutional rights.
A warrantless arrest, no less than an arrest pursuant to a validly issued warrant, must be based on probable cause. State v. Jackson, 450 So.2d 621 (La.1984), State v. Boudreaux, 467 So.2d 1335 (La. App. 5th Cir.1985).
Although probable cause was not established at the suppression hearing as the evidence presented related exclusively to the photographic lineup procedures. Officer Hebert testified that as part of his investigation of the armed robbery, he showed a photographic lineup to the two employees of Taco Tico who were the victims of the armed robbery. He testified that he showed them to each employee individually and at no time did he suggest which photograph they should identify.
The two employees, Morgan and Garcia, testified that they were shown a photographic lineup and positively identified the defendant as the perpetrator. Morgan and Garcia also testified that at no time did the officer suggest which photograph they should pick out.
Morgan also testified that she gave the officer a description of the defendant as a black male about 5'7" or 5'8" wearing a blue cap, blue jeans and a jean jacket. He also wore glasses and had a white plastic bag.
As can be seen by the above summarized testimony, no evidence was introduced at *559 the suppression hearing regarding the circumstances surrounding the arrest of defendant.
Nevertheless, in determining whether a ruling on a defense motion to suppress was correct, an appellate court is not limited to the evidence adduced at the hearing on the motion, but rather, the court may consider pertinent evidence received at trial. See State v. Seward, 509 So.2d 413 (La.1987); State v. Beals, 410 So.2d 745 (La.1982); State v. Adams, 521 So.2d 470 (La.App. 4th Cir.1988), writ denied, 523 So.2d 231 (La.1988); and State v. Boudreaux, supra.
At trial, in relation to defendant's arrest, Officer Hebert testified that approximately two weeks after the armed robbery, he observed a subject in the 67 or 6800 block of Veterans Highway which fit the description given by the employees of Taco Tico. Officer Hebert specifically testified that "the clothing that he had on fit the description so we took him in as a suspect."
The defendant was then escorted to the First District Police station where the officers talked to him and took a mug shot of him. Officer Hebert subsequently returned to Taco Tico and conducted a photographic lineup which resulted in the positive identification of the defendant as the perpetrator. After this positive identification, he filled out an arrest report, booked the defendant for armed robbery, "checked the bag and found the weapon in the bag and that was later logged as evidence."
Officer Hebert also seized a red and white baseball cap. At the time of the robbery, defendant was wearing a baseball cap, but it was a different color.
The defendant was stopped because of the description given by the victims. Although it appears the trial judge may have improperly denied the defendant's motion to suppress, it was harmless error.
The two employees made a positive identification of the defendant in open court as the perpetrator of the armed robbery. Although neither victim knew the defendant prior to the robbery, they had ample opportunity to observe him and favorable conditions for doing so. Morgan testified that the defendant was in the restaurant for approximately 10 minutes, the robbery occurred in daylight hours, and the defendant stood directly in front of the cash register pointing a gun at her. Josie Garcia, the manager of the Taco Tico, personally observed the defendant for about two minutes during the robbery although he was in the store several minutes before. Defendant stood directly in front of her in the well-lit store. Based on their observations of the perpetrator, both women testified that they were positive the defendant was the man who robbed them.
The error in introducing the evidence can also be deemed harmless because it was clear from the testimony that the evidence introduced was not the actual articles used in the crime but rather only "resembled" the gun used and the cap worn by the robber. The cap worn by defendant on the day of the robbery was blue, whereas the one introduced at trial was red and white. At trial, Morgan testified that the gun and a bag resemble what the offender had in his hand when he entered the Taco Tico. Garcia's testimony was in accord with that of Morgan.
Based on the above discussion admitting the evidence and photographic lineup was at most, harmless error.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2

EXCESSIVE SENTENCE
Defendant was convicted of armed robbery, LSA-R.S. 14:64, and was sentenced to 50 years at hard labor without benefit of parole, probation or suspension of sentence. According to LSA-R.S. 14:64, "whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
Defendant now complains that the sentence he received is excessive "particularly in light of the trial court's failure to give *560 the guidelines of La.C.Cr.P. art. 894.1 even cursory consideration."
There are numerous cases in which sentences of 50 years at hard labor have been upheld for armed robbery convictions. See: State v. Williams, 536 So.2d 773 (La. App. 5th Cir.1988); State v. England, 442 So.2d 1199 (La.App. 5th Cir.1983); State v. Woods, 494 So.2d 1258 (La.App. 2nd Cir. 1986).
Here the trial judge did not specifically follow the guidelines of Art. 894.1. However, prior to sentencing he ordered a presentence investigation report which was filed in the record. The PSI report indicates that the defendant has a lengthy criminal history with five prior felony convictions and numerous arrests. In addition, the subject, by his own admission, indicated he had a drug problem. The PSI report further indicates that the defendant's work background is rather sketchy as the subject has held several jobs for brief periods of time.
Although the trial judge did not follow the guidelines, the record, more particularly the PSI report, supports the sentence imposed. In addition, a review of the cases shows that the sentence imposed was not excessive. Accordingly, a remand for compliance with the sentencing guidelines will not be necessary.
This assignment of error is without merit.

DECREE
For the above reasons, we affirm the defendant's conviction for armed robbery and his 50 year sentence.
AFFIRMED.