892 So.2d 655 (2004)
STATE of Louisiana,
v.
Clarence SAULSBY.
No. 04-KA-880.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 2004.
*656 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Gevin Grisbaum, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Katherine M. Franks, Louisiana Appellate Project, Slidell, LA, for Defendant/Appellant.
*657 Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and SUSAN M. CHEHARDY.
EDWARD A. DUFRESNE, JR., Chief Judge.
On January 22, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, Clarence Saulsby, with possession of cocaine in excess of twenty-eight grams and less than two hundred grams. LSA-R.S. 40:967(F). At the arraignment, defendant pled not guilty. Thereafter, defendant filed various pre-trial motions, including a motion to suppress the evidence. The motion was heard and denied on June 16, 2004. On that day, defendant withdrew his plea of not guilty and entered a plea of guilty as charged. Defendant reserved his right, under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the trial court's denial of his suppression motion.
The court sentenced defendant to imprisonment at hard labor for eight years and ordered the first five years to be served without benefit of parole, probation, or suspension of sentence. The court also imposed a mandatory fine of fifty thousand dollars. Defendant now appeals, challenging the trial court's denial of his motion to suppress.
At the suppression hearing, probation officer Richard Berger testified that, on October 30, 2003, he received information from the sheriff's office that defendant, who was then on probation, was involved in illegal narcotics activity. In response, Berger set up surveillance on defendant's residence. Berger was accompanied by a deputy from the Jefferson Parish Sheriff's Office, and a probation supervisor. The three watched defendant's residence until he arrived. Berger testified that "[a]s soon as he pulled up we ... `took him down,' ... right outside his car and began to question him about the activity that he was involved in." Berger and the other officers searched defendants person and found approximately $1,000 in cash in defendants pocket. Berger testified that he believed defendant was unemployed at the time. The officers then went into defendants residence and discovered a large amount of cocaine in a closet, inside a purple Crown Royal bag that was tucked into a pair of blue jeans. When asked on cross-examination whether defendant consented to the search, Berger responded, "I didn't ask him."
During the suppression hearing, Berger testified that he was not defendant's probation officer. He explained that the state's department of corrections investigates most reports it receives regarding probation and parole violations, and that complaints are investigated by the probationer's case officer, or whoever is available at the time. Berger also testified that he requested the assistance of a sheriff's deputy for security purposes.
After listening to this testimony, the trial judge, without giving any reasons, denied defendant's motion to suppress. Defendant now challenges this denial. He contends that the warrantless searches of his person and his residence were not based on reasonable suspicion, and were merely a subterfuge for a police investigation lacking in probable cause. For the reasons which follow, we agree with defendant's argument and find that the trial court erred in denying his motion to suppress evidence.
A probationer has essentially the same status as a parolee. State v. Malone, 403 So.2d 1234, 1238 (La.1981). An individual on parole or probation does not have the same freedom from governmental intrusion into his affairs as does the average citizen. A probationer must necessarily *658 have a reduced expectation of privacy, which allows for reasonable warrantless searches of his person and residence by his probation officer, even though less than probable cause may be shown. State v. Hamilton, 02-1344 (La.App. 1 Cir. 2/14/03), 845 So.2d 383, 387, writ denied, 03-1095 (La.4/30/04), 872 So.2d 480. This reduced expectation of privacy derives from the probationer's conviction and his agreement to allow a probation officer to investigate his activities in order to confirm that he is abiding by the provisions of his probation. State v. Marino, 00-1131 (La.App. 4 Cir. 6/27/01), 804 So.2d 47, 52, writs denied, 01-2287 (La.8/30/02), 823 So.2d 936, 02-1036 (La.3/21/03), 840 So.2d 532. A probation officer may not use his authority as a subterfuge to help another police agency that desires to conduct a search, but lacks probable cause. State v. Malone, 403 So.2d at 1238; State v. Drane, 36,230 (La.App. 2 Cir. 9/18/02), 828 So.2d 107, 111, writ denied, 02-2619 (La.3/28/03), 840 So.2d 566. The parole or probation officer must believe that the search is necessary in the performance of his duties and reasonable in light of the total circumstances. State v. Drane, 828 So.2d at 111. In determining whether a warrantless search by a probation or parole officer was reasonable, the court must consider: (1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it, and (4) the place in which it was conducted. State v. Malone, 403 So.2d at 1239.
Although the state still bears the burden of proving the admissibility of evidence seized without a warrant,[1] when the search is conducted for probation violations, the states burden will be met when it establishes that there was reasonable suspicion that criminal activity was occurring. In State v. Malone, 403 So.2d at 1239, the court stated as follows:
In our opinion, a probation officers decision to search must be supported by something more than a mere hunch; however, a reasonable suspicion that criminal activity is occurring will suffice. We will not require that the officer have probable cause to conduct the search. To hold otherwise would place unnecessary obstacles in the path of a probation officer who is performing his job of supervising the individual assigned to him.
Applying these principles, we find that the warrantless searches of defendants person and his residence were not reasonable under the Fourth Amendment. In the instant case, Berger testified that he received information that defendant was involved in illegal narcotics activity. However, it is unclear who actually provided this information about defendant. Bergers testimony merely indicates that he was contacted by the sheriffs office in reference to the complaint. There is nothing in the record to show that Berger was informed of any specifics regarding defendants alleged drug activity, e.g., the nature of the drug activity, where it was taking place, and when. After receiving this vague information, Berger, a probation supervisor, and a sheriffs deputy set up surveillance on defendants residence. According to Bergers testimony, when defendant arrived, "we took him down." They searched his person and then entered his house. It is unclear from the hearing testimony how broad the scope of the intrusion was. Berger did not say how much of the house he searched. He said only that the cocaine was found in a pair of pants inside a closet in the apartment. Since Berger did not testify that he had specific information as to the location of any contraband, it can be inferred *659 that he and the other officers did a thorough search of defendants apartment. Berger did not testify that he saw any evidence of the alleged drug activity before he searched defendant and his apartment. Moreover, the evidence adduced at the hearing did not reveal the offense for which defendant was on probation, nor did it show that defendant had any prior involvement with narcotics.
Based on the limited evidence adduced at the suppression hearing, we find that the searches of defendants person and his residence were unreasonable and in violation of the Fourth Amendment. Accordingly, we find that the trial court erred in denying defendants motion to suppress evidence. The judgment of the trial court is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] See LSA-C.Cr.P. art. 703(D).