1 .WALTER J. ROTHSCHILD, Judge.
On May 8, 2003, the Jefferson Parish District Attorney filed a bill of information charging defendant, Arvin R. Louis, with possession of cocaine in violation of LSA-R.S. 40:967 C. Defendant was arraigned on May 9, 2003 and pled not guilty. On December 4, 2003, defendant’s motion to suppress evidence and statement was granted.
On January 9, 2004, the state filed a writ application with this Court regarding the granting of defendant’s motion to suppress. This Court granted the writ application on March 11, 2004, reversed the judgment of the trial court and remanded for further proceedings.[1]
On May 3, 2004, a jury was selected. On May 5, 2004, defendant pled guilty under Crosby to possession of cocaine, reserving his right to appeal the ^ruling on the motion to suppress.[2] The trial court sentenced defendant on May 12, 2004 to imprisonment at hard labor for three years to be served in the “About Face Drug Program” at Orleans Parish Prison. On May 17, 2004, defendant filed a motion for appeal that was granted.

FACTS

The facts as adduced at the motion to suppress hearing are as follows: Agent Chris Morris testified that on April 16, 2003, he and his partner were working in an area where they had received numerous complaints of prostitution and narcotics activity. While patrolling this area, he saw defendant stop his vehicle and pick up a *466 white female who Agent Morris knew had been previously arrested for prostitution. The female saw the officer and the vehicle quickly pulled into the back of an apartment complex where previous drug and prostitution activity had been observed. Agent Morris followed the vehicle and activated his emergency signal as he believed a deal of prostitution was occurring.
Defendant stepped out of the vehicle and stated he was a friend of the female’s, although he could not state her name. Defendant appeared to be nervous to Agent Morris, and he kept trying to put his hands into his pockets. Agent Morris was concerned for his safety, and he conducted a pat-down of defendant’s outer clothing, where he felt an item of foil material with a rock-like object in defendant’s pocket. Agent Morris’ experience led him to believe that it was consistent with the packaging of narcotics, and he reached into the pocket and removed what was later discovered to be cocaine.

ASSIGNMENT OF ERROR NUMBER ONE

The evidence should have been suppressed as the result of an illegal seizure.

\ DISCUSSION

Defendant argues that the evidence should have been suppressed as the result of an illegal seizure. He recognizes that this Court previously ruled on this issue when the state’s writ application was granted. However, he notes that this Court did not have the benefit of the transcript of the suppression hearing, nor could it witness the demeanor of Officer Morris, when it reversed the trial court’s ruling. As such, defendant requests that this Court reconsider its previous ruling.
The state responds: (1) that sufficient articulable suspicion existed for the officers to conduct the initial investigatory stop of defendant; (2) that the officer’s ensuing pat-down of defendant for weapons was warranted and proper; and (3) that the officer’s retrieval of cocaine from defendant’s pocket as a result of the safety pat-down was proper pursuant to the plain feel exception. As such, the state contends that the evidence seized was admissible.
Under the “law of the case” doctrine, an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. State v. Junior, 542 So.2d 23, 27 (La.App. 5 Cir.1989), writ denied, 546 So.2d 1212 (La.1989). Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. In re K.R.W., Jr., 03-1371 (La.App. 5 Cir. 5/26/04), 875 So.2d 903, 905.
In a case similar to the instant one, State v. Hollimon, 04-1195 (La.App. 5 Cir. 3/29/05), 900 So.2d 999, defendant was charged with possession of cocaine.[3] He subsequently filed a motion to suppress evidence and statement that was granted by the trial court. Pursuant to the state’s application for writ of review, this Court reversed the trial court’s ruling, and remanded to the trial lficourt for further proceedings. Thereafter, defendant withdrew his plea of not guilty and pled guilty to possession of cocaine, reserving his right to appeal the suppression ruling under State v. Crosby, 338 So.2d 584 (La.1976).
In his appeal, the defendant in Hollimon argued that the ruling of the trial court granting the motion to suppress should be reinstated and that he should be allowed to *467 withdraw his guilty plea and have the case dismissed. He noted that the matter had already been decided by this Court, that there was no new testimony, and that the issue was being raised again to preserve his right to appeal to the Louisiana Supreme Court. This Court concluded that the issue raised by defendant had already been thoroughly analyzed by this Court, and that there was no new evidence to warrant reconsideration. Accordingly, this Court declined to reverse its previous ruling. State v. Hollimon, 04-1195 at p. 2, 900 So.2d at 1001.
In the instant case, this Court considered defendant’s exact argument in its previous ruling on the writ application. On appeal, defendant does not present evidence to show that this Court’s prior disposition was patently erroneous or produced unjust results. Contrary to defendant’s assertions, there is no new evidence to warrant reconsideration as the transcript from the motion to suppress hearing dated October 15, 2003 was attached to the state’s writ application and considered by this Court prior to its decision. Also, since defendant pled guilty before any trial testimony was taken, there is nothing additional for this Court to consider. Accordingly, we decline to reconsider this Court’s prior ruling on the same issue in this case.
This assignment of error is without merit.
| ¿ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals an error in this case.
The transcript indicates that defendant pled guilty on May 5, 2004; however, the minute entry reflects that defendant pled guilty on May 6, 2004. When there is a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732 (La.1983). Therefore, we hereby remand the case and order the trial court to correct the minute entry to conform to the transcript. State v. Allen, 03-1205 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, 881.

CONCLUSION

Accordingly, the defendant’s conviction and sentence are affirmed. The case is remanded to the trial court with an order as previously stated herein.

AFFIRMED; CASE REMANDED.

. State v. Louis, 04-K-33 (La.App. 5 Cir. 3/11/04) (unpublished writ disposition).

. State v. Crosby, 338 So.2d 584 (La.1976).

. It is noted that this case has not been released for publication in the permanent law reports. Until released, it is subject to revision or withdrawal.