FREDERICKA HOMBERG WICKER, Judge.
[2On July 21, 2005, defendant, Darryl Young, was charged with possession of a firearm by a convicted felon in violation of *761 La.R.S. 14:95.1 and with possession with intent to distribute marijuana in violation of La.R.S. 40:966(A). Defendant pled not guilty to these charges at his arraignment on July 22, 2005. The trial court denied defendant’s motion to suppress evidence on August 22, 2005, and denied his motion to suppress statement on May 3, 2006.
On August 16, 2006, defendant was advised of his rights, waived his rights, and withdrew his not guilty pleas. Defendant pled guilty to both counts and the state agreed not to file a multiple bill. The trial court sentenced defendant to 10 years imprisonment at hard labor on each count, with the sentences to run concurrently. This timely appeal follows.
| .FACTS
The court heard the motion to suppress evidence on August 22, 2005. At the hearing, Officer Richard Weidenhaft of the Louisiana State Department of Corrections, Division of Probation and Parole, Jefferson District, testified that defendant was on parole in Nevada for robbery with the use of a deadly weapon. He transferred his parole from Nevada to Louisiana placing him under Louisiana’s supervision as a parolee.
Defendant met with an agent at the Louisiana parole office on September 9, 2004. He confirmed his address was his mother’s residence at 2301 Houma Boulevard, Apartment 28, in Metairie. Officer Weidenhaft testified that an agent later learned the defendant no longer resided at this apartment. He testified that the defendant’s mother told Agent Richard Berger that the defendant returned to Nevada.
Officer Weidenhaft testified that on June 20, 2005, he received a call from another Louisiana probation officer who had been in contact with the Drug Enforcement Administration in the Jefferson Parish Sheriffs Office, stating that they received information that a Nevada parolee, Darryl Young, under parole supervision in Louisiana, was living at a specified address and requested assistance in locating him at the given address. Defendant was under parole supervision and there was a warrant for his arrest in Nevada. Although Officer Weidenhaft did not have a copy of the warrant, the Nevada Parole Department verified that defendant was wanted.
Officer Weidenhaft, along with other officers, went to the address where they were told defendant was present, wanting to locate defendant because of a Nevada arrest warrant and to question him regarding his participation in narcotics 1 transactions. Surveillance of the apartment also placed defendant at this location. This evidence was sufficient for Officer Weidenhaft to testify that he had reasonable suspicion that defendant was at this address. The testimony also revealed that this apartment belonged to the defendant’s sister.
Upon arriving at the location, some of the agents went to the front door, while others went to the side of the apartment. After knocking on the door for about five to ten minutes and identifying themselves as probation and parole and the Sheriffs Office, no one responded. Officer Weide-nhaft testified that he was on the side of the apartment “at a window that was not closed.” He testified that he heard someone in the apartment and heard the toilet flushing. Officer Weidenhaft testified that he opened the window, entered the apartment, identified himself as probation and parole law enforcement, and opened the front door for the other officers to enter. He testified that he ordered the person in the apartment to come down the hallway, and defendant, whom he recognized from a photograph, came towards him from the direction of the bathroom and front bed *762 room. The officers advised him as to why-probation and parole were present.
Besides Officer Weidenhaft, Agent Berger and Agent Steven LaSalle, assisted in searching the apartment. Jefferson Parish Narcotics Officers and two DEA agents were also present. Officer Weidenhaft testified that he did not locate any evidence. However, the other officers did recover marijuana from the bathroom. Most of it was floating in the toilet bowl. The search also revealed a rifle in the front closet beneath some clothing.
Officer Weidenhaft testified that it was his obligation to do “residence checks” on parolees for purposes of public safety. When asked why he entered the apartment with such exigency, Officer Weide-nhaft responded that they were positive defendant was in the apartment and heard movement in the apartment but J^defendant would not come to the door in response to their knocking. He was afraid defendant was trying to hide or avoid arrest.
When asked if items were present in the apartment to indicate defendant was staying or residing in the apartment, Officer Weidenhaft testified that there were items that belonged to defendant and that he believed defendant was “sleeping on the couch or something.” Officer Weidenhaft testified that defendant stated he was staying there. Also, Agent Berger testified that mail bearing defendant’s name was found on the dresser in the same bedroom where the agents found the rifle.
At this hearing, defense counsel argued there were insufficient grounds to enter the apartment simply because they thought defendant was present. Defense counsel further argued that there was no evidence as to whom the contraband belonged. The State responded that because defendant was on parole he was subject to unannounced visits and searches at anytime without the requirement of a search warrant. The trial court denied the motion to suppress the evidence, finding that the agents had a right to enter the apartment based on their supervisory powers over defendant pursuant to his status as a parolee.
MOTION TO SUPPRESS EVIDENCE
On appeal, defendant argues that the circumstances presented to the court did not establish exigent circumstances sufficient to justify the warrantless entry and search of the residence to execute the arrest warrant. He argues that his diminished expectation of privacy as a parolee does not cure the constitutional violation. We disagree.
The Fourth Amendment of the U.S. Constitution and Article I, § 5 of the Louisiana Constitution protect individuals from unreasonable searches and seizures. State v. Manson, 01-159 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 755, cert. denied, 01-2269 (La.9/20/02), 825 So.2d 1156. Warrantless searches and | (¡seizures are unreasonable per se unless justified by a specific exception to the warrant requirement. Manson, at 757. However, a person on parole or probation has a reduced expectation of privacy under the Fourth Amendment of the U.S. Constitution and under Article I, § 5 of the Louisiana Constitution. State v. Drane, 36,230 (La.App. 2 Cir. 9/18/02), 828 So.2d 107, 111, writ denied, 02-2619 (La.3/28/03), 840 So.2d 566.
A probationer has essentially the same status as a parolee. State v. Saulsby, 04-880 (La.App. 5 Cir. 12/28/04), 892 So.2d 655, 657 (citing State v. Malone, 403 So.2d 1234, 1238 (La.1981)). This Court has recognized that:
[a]n individual on parole or probation does not have the same freedom from governmental intrusion into his affairs *763 as does the average citizen. A probationer must necessarily have a reduced expectation of privacy, which allows for reasonable warrantless searches of his person and residence by his probation officer, even though less than probable cause may be shown.
Saulsby, at 658. This reduced expectation of privacy derives from the probationer’s conviction and his agreement to allow a probation officer to investigate his activities to confirm that he is abiding by the provisions of his probation. Id.
Simply stated, a probationer’s freedom is conditioned by restrictions pursuant to the terms of his probation. U.S. v. LeBlanc, 490 F.3d 361 (5th Cir.2007). “A state’s operation of a probation system, like its operation of a school, government office or prison, or its supervision of a regulated industry, likewise presents ‘special needs’ beyond normal law enforcement that may justify departures from the usual warrant and probable cause requirements.” Id., at 365, citing Griffin v. Wisconsin, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). The Supreme Court in Griffin went on to conclude that “to a greater or lesser degree, it is always true of probationers that they do not enjoy ‘the absolute liberty to which every citizen is 17entitled, but only ... conditional liberty properly dependent on observance of special probation restrictions.’ ” Id., (quoting Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). “Supervision, therefore, is a ‘special need’ of the State permitting a degree of impingement upon privacy that would not be constitutional if applied to the public at large.” Griffin, 483 U.S. at 875, 107 S.Ct. 3164. The underlying purpose of this exception is that probation is intended to serve as a period of genuine rehabilitation. LeBlanc, supra.
In United States v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), the Supreme Court addressed a situation similar to the circumstances of the instant case. In Knights, a probationer on trial for felony charges moved to suppress evidence seized during a warrantless search of his apartment. At the time of his arrest the defendant was on probation for a drug offense. Id. at 144, 122 S.Ct. 587. The probation order included a condition that he would submit his “person, property, place of residence, vehicle, personal effects, to search at anytime, with or without a search warrant, warrant of arrest or reasonable cause by any probation officer or law enforcement officer.” Id. Soon after signing the agreement Knight was arrested and his apartment searched pursuant to that arrest. Knight moved to suppress evidence discovered during the search. The court denied the motion to suppress and held that the search was reasonable given the fact that Knight was a probationer with restricted freedoms by means of his probation. Id.
The Supreme Court further reasoned that because of the probation agreement there was no requirement beyond a “reasonable suspicion” to conduct a search of the probationer’s house. Id. at 122, 122 S.Ct. 587. The court described “reasonable suspicion as the “probability that criminal conduct is occurring [such that] the intrusion on the individual’s privacy interest [is] reasonable.” Id.
1 sDespite the reduced expectation of privacy afforded a parolee, the investigating officer must still believe the search is necessary in the performance of his duties and is reasonable in light of the total circumstances. State v. Saulsby, 04-880 (La.App. 5 Cir. 12/28/04), 892 So.2d 655. In determining whether a warrant-less search by a probation or parole officer was reasonable, the court shall consider: *764 (1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it, and (4) the place in which it was conducted. Id., citing State v. Malone, 403 So.2d at 1239. Although the state still bears the burden of proving the admissibility of evidence seized without a warrant, when the search is conducted for probation violations, the state’s burden will be met when it establishes that there was reasonable suspicion that criminal activity was occurring. Id. at 658.
While it is unlawful for an entry of private premises to take place without a warrant, the entry is justified by an exception to the warrant requirement. State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 576, citing State v. Hathaway, 411 So.2d 1074, 1078 (La.1982). Probable cause to arrest and exigent circumstances justify intrusion into a protected area and are exceptions to the search warrant requirement. Id. at 576. This Court has recognized that exigent circumstances include imminent danger of the destruction of evidence, and the possibility of escape. Id. As recognized by the Second Circuit, the exigent circumstance of evidence being lost or destroyed is specifically problematic in narcotics investigations. State v. Wallace, 41,837 (La.App. 2 Cir. 1/31/07), 950 So.2d 135, 139.
We find that the exigent circumstances in the instant case satisfy the test to determine whether the warrantless search of this parolee’s residence was reasonable. After surveillance raised the suspicion of criminal activity, the officers ^decided to confront the defendant. They deliberately limited the scope of their intrusion to the apartment where they believed defendant to be residing. They initiated their visit by knocking for “five to ten” minutes prior to entering. They only entered after they detected someone’s presence and heard a toilet flushing. The officers testified that in their experience, this was an indication that someone could be destroying or disposing of evidence.
Furthermore, the officers had knowledge that there was an arrest warrant from Nevada for the defendant. Also, because the apartment was under surveillance, the agents knew the defendant was inside the residence. The parole officer knocked and no one responded; that fact, coupled with the narcotics information they received about the defendant and the noise of the flushing toilet convinced the investigating officers that someone was in the apartment attempting to conceal contraband. These facts sufficiently established exigent circumstances to justify the warrantless entry of the residence. Given the defendant’s status as a parolee, he had a reduced expectation of privacy which justifies the search of his residence. The search of his residence while on probation and under the suspicion of criminal activity was proper. Any evidence produced thereby was properly admitted.
MOTION TO SUPPRESS STATEMENT
Defendant’s second assignment of error is that the trial judge erred in failing to suppress his statement. However, defendant only briefs the motion to suppress evidence. Rule 2-12.4 of the Uniform Rules, Court of Appeal, states that all specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed. Simply restating an assigned error in brief without argument or citation of authority does not constitute briefing. State v. Lauff, 06-717 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 819. In State v. Fernandez, 03-987 (La.App. 5 Cir. 12/30/03), 864 So.2d 764, 770, this Court found that the defendant failed to brief his position where he merely asserted his position, but neglected to include argument or *765 any legal citation in support thereof. This Court found that the assertions presented nothing for review on appeal. Likewise, in the instant case, there is no argument in defendant’s brief related to the motion to suppress statement. Accordingly, nothing has been presented for the Court’s review on this issue.
ERROR PATENT DISCUSSION
The defendant requests an error patent review. This Court routinely reviews the record for errors patent regardless of whether the defendant makes such a request. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 387 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review of the case indicates that the defendant received an illegally lenient sentence. According to La.R.S. 14:95.1(B), defendant should have received a fíne of not less than one thousand dollars nor more than five thousand dollars. The trial judge failed to impose such a fine.
This issue, however, was not raised by the state in the trial court or on appeal. We therefore, decline to correct the illegally lenient sentence. State v. Paul, 05-612 (La.App. 5 Cir. 2/14/06), 924 So.2d 345, 357.

AFFIRMED.