JUDE G. GRAVOIS, Judge.
 

 | ^Following the denial of his motions to suppress evidence and statements, defendant Sergeant Caulfield
 
 [1]
 
 pled guilty to possession of a firearm by a convicted felon and possession with intent to distribute heroin, reserving his right to challenge the trial court’s ruling on his motions to suppress. On appeal, defendant claims that the trial court erred in denying his motions to suppress. For the reasons that follow, we affirm defendant’s convictions and sentences, as amended, and remand for correction of errors patent.
 

 PROCEDURAL BACKGROUND
 

 On September 16, 2008, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1 (Count One), and possession with intent to distribute heroin in violation of LSA-R.S. 40:966(A) (Count Two). Defendant pled not guilty to both charges. However, following the denial of his motions to suppress, on July 20, 2010 defendant pled guilty to both counts pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). He was sentenced to fifteen years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on Count One. On Count Two, defendant was sentenced to twenty-five years imprisonment at hard labor, with the first five years being imposed without the benefit of parole, probation, or suspension of sentence. On this same date, the State filed a multiple offender bill of information against defendant. Defendant admitted to the allegations of the multiple bill. The trial court vacated the sentence imposed on Count Two and resentenced defendant as a second felony offender to twenty-five years imprisonment at hard labor without the benefit of probation or suspension of sentence, with the first five years to be without the benefit of parole, probation or suspension of sentence. This enhanced sentence was ordered to run concurrently with Count One, as well as with any other sentence defendant “may have, including a violation in 362-784.”
 
 [2]
 
 This timely appeal followed.
 

 FACTS
 

 Since defendant pled guilty, the only facts contained in the record are those
 
 *603
 
 given by the State during the guilty plea colloquy, to-wit:
 

 [I]f Mr. Caulfield had gone to trial, the State of Louisiana would have proven beyond a reasonable doubt that on July 27th of the year 2008, he did knowingly and intentionally possess a firearm which was a .9 millimeter weapon. And that he is one in the same individual who has a previous felony conviction for Attempted Second Degree Murder in Case Number: 871-260 out of Section “G [sic] of Orleans Parish Criminal District Court. That’s with regard to Count One.
 

 With regard to Count Two, had Mr. Caulfield gone to trial, the State of Louisiana would have proven beyond a reasonable doubt that on July 27, 2008, he did knowingly and intentionally possess a [ controlled dangerous substance which was in fact heroin, and he had the intent to distribute that heroin.
 

 Both of these incidents occurred within the Parish of Jefferson.
 

 DISCUSSION ON ASSIGNMENTS OF ERROR
 

 In both his counseled and
 
 pro se
 
 briefs, defendant argues that the trial court erred in denying his motions to suppress evidence and statements because he was illegally detained and arrested when Sergeant Palumbo of the New Orleans Police Department (“the NOPD”) went to his home in Jefferson Parish without a Jefferson Parish warrant. Defendant argues that he was arrested after Sergeant Palumbo claimed to have seen him discarding heroin and that no Jefferson Parish or federal agents were present at that time. Defendant claims that the officers were without jurisdiction and went to his residence under the guise of attempting to see if he lived at the residence and were not in pursuit nor did they just happen upon the location. Defendant concludes that the trial court ruling on his motions to suppress should be reversed and that he should be allowed to withdraw his plea and have his case dismissed.
 
 [3]
 

 The State responds that these issues were fully explored in a pre-trial writ to this Court, where this Court held that the trial court did not abuse its discretion in denying defendant’s motion to suppress evidence, noting that the Louisiana Supreme Court denied writs in the matter. The State further responds that although defendant contends that the New Orleans Police officers were without jurisdiction lsto arrest defendant in Jefferson Parish, the officers were only in Jefferson Parish to see if defendant resided at the address and to question him as to his involvement in certain shootings. The State explains that the officers being outside defendant’s residence did not violate defendant’s constitutional rights, and that when defendant discarded the heroin, the officers had a right to retrieve the abandoned heroin and
 
 *604
 
 make a citizen’s arrest of him. The State also contends that the officers were justified in securing the house prior to the issuance of the warrant and that the residence was not searched until the search warrant was obtained. The State concludes that the evidence was constitutionally seized and there was no error in the trial court’s ruling denying the motion to suppress evidence. The State also contends that there was no error in the trial court’s ruling denying the motion to suppress defendant’s statements because the statements were freely, knowingly, and voluntarily given after defendant was advised of his Miranda
 
 [4]
 
 rights.
 

 At the suppression hearing, the State presented the testimony of Detectives William Roniger and Kurt Zeagler of the Jefferson Parish Sheriffs Office (“the JPSO”) and Sergeant Samuel Palumbo of the NOPD.
 

 Sergeant Palumbo testified that defendant was identified as a possible perpetrator in several shootings in the Carrollton area of New Orleans that had been under investigation. Further, an Orleans Parish arrest warrant had been issued for defendant’s arrest for aggravated assault and felon in possession of a firearm. There was also a federal warrant out for defendant. On July 27, 2008, Sergeant Palumbo followed his detectives to defendant’s residence at 2801 Hawkston Street in Jefferson Parish to ascertain if in fact defendant had been staying there. Sergeant Palum-bo testified that the main purpose of going there was | fi“to see if he was out there, of course, for the arrest warrant, and to possibly interview him about the shootings that had been taking place.”
 

 When the officers arrived at the residence, in both marked and unmarked units, Sergeant Palumbo observed defendant exit the porch of the residence and walk toward a vehicle. When defendant noticed the officers’ presence, Sergeant Palumbo observed defendant immediately discard a bag of heroin to the ground. Sergeant Palumbo never lost sight of the bag and recovered it. Defendant was advised of his
 
 Miranda
 
 rights and was arrested for having possession of the heroin. Sergeant Palumbo testified that defendant appeared to understand his rights, never asked any questions, and did not request a lawyer. When asked if he owned a gun, defendant told Sergeant Palumbo that he did and that the weapon and additional heroin were inside of the residence. Sergeant Palumbo testified that a federal agent, Agent Jason Quick, arrived shortly after the NOPD. Sergeant Palumbo testified that defendant was arrested on the Orleans Parish warrant, and according to Agent Quick, he was arrested on federal charges as well.
 

 Sergeant Palumbo testified that defendant stated that his mother and stepfather were inside of the residence. After receiving no response to their knock on the door, several officers entered the residence through the unlocked door. Sergeant Pa-lumbo explained that the occupants were located in the rear of the residence and that the residence was secured to avoid injuries and destruction of evidence; the residence was not searched at that time, however. Once inside, Sergeant Palumbo observed a handgun with an extended magazine on the coffee table in the living room. Sergeant Palumbo contacted Detective Roniger of the JPSO to advise him of the incident and to obtain a search warrant for the residence.
 

 Detective Roniger testified that Sergeant Palumbo told him that the NOPD investigators had obtained an arrest war
 
 *605
 
 rant for defendant and the NOPD went to 17defendant’s last known address at 2801 Hawkston Street in Jefferson Parish, where they observed defendant outside of the residence. * Sergeant Palumbo informed him that after defendant discarded a bag of heroin to the ground, he was detained, and his residence was secured. Based on the information that he received from Sergeant Palumbo, Detective Roni-ger obtained a search warrant for the residence. After obtaining the search warrant, Detective Roniger contacted Detective Zeagler, who was already at the residence, and advised him that the search warrant had been obtained. Detective Roniger proceeded to the residence to participate in the search.
 

 Detective Zeagler testified that when he arrived at the residence, he observed defendant, who was handcuffed, sitting “on the stoop in front of his house.” Upon arrival, he noted that Sergeant Palumbo, several NOPD detectives, and a FBI agent were present. Sergeant Palumbo handed him a plastic bag that contained smaller bags of brown powder and a foil of brown powder. Detective Zeagler advised defendant of his
 
 Miranda
 
 rights and defendant acknowledged that he understood these rights. He did not ask questions and did not request a lawyer. At that point, Detective Zeagler questioned defendant. Defendant admitted that the bag was his, that it was heroin, and that he had thrown it down when he saw the police approaching him. In response to questioning, defendant stated that there was another bag with heroin and a firearm inside the house. Detective Zeagler explained that at this time, the residence had not been searched but that the NOPD had secured the residence. He testified that the residence was not searched until after he was notified by Detective Roniger that the search warrant had been obtained.
 

 Heroin was located in the living room of the residence in the curtains, where defendant had told Detective Zeagler it would be found. A loaded handgun, a |Rdigital scale, defendant’s driver’s license, mail that belonged to defendant, defendant’s house keys, and a cell phone were found on the coffee table in the living room.
 

 Defendant was transported to the detective bureau, where he was re-advised of his rights and waived his rights in writing. Detective Zeagler testified that he did not force or coerce defendant, or offer him anything in exchange for his statement. Defendant did not ask any questions or request a lawyer. He did not seem intoxicated or impaired. He gave a taped statement to Detective Zeagler, which was transcribed. Detective Zeagler testified that he was aware of a federal arrest warrant and a New Orleans arrest warrant for defendant, but stated that he had not seen either. He also admitted that he did not see the search warrant before he entered the residence.
 

 Defense counsel argued that the NOPD had no reason to be at defendant’s residence and had no jurisdiction to serve their warrant. As such, counsel concluded that anything that followed would be considered part of an illegal search and should be suppressed. The State responded that Sergeant Palumbo was investigating shootings and went to the location to see if defendant was there when he observed defendant discard an object that was determined to be heroin. The State argued that defendant was then arrested for possessing the heroin and at some point was also arrested on the outstanding warrants. It contended that the search warrant was properly obtained and the search revealed the additional evidence, which included a handgun and more narcotics. The State argued that the arrest was lawful and the motion to suppress evidence should be de
 
 *606
 
 nied. The State also argued that the motion to suppress defendant’s statements should be denied because defendant was properly advised of his rights and appeared to have understood his rights before giving the statements. In denying the motion to |asuppress the statements, the trial court found that the statements were not unconstitutionally obtained and were not obtained by force, threats, or coercion. Further, the trial court denied the motion to suppress evidence finding that the evidence was constitutionally obtained and that the absence of a Jefferson Parish deputy did not form a basis for granting the motion to suppress evidence. The judge explained that the officers saw a crime, seized the evidence, and at some time thereafter a federal agent was present with a warrant.
 
 [5]
 
 Defendant objected and noticed his intent to seek writs in the matter.
 

 Defendant’s motion for appeal specifies that he was appealing the denial of his pretrial “Motion(s) to Suppress and finding of probable cause” on May 29, 2009, pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). Further, during the guilty plea colloquy for Counts One and Two, it appears that the motions to suppress evidence and statements were reserved for review pursuant to
 
 State v.
 
 Crosby.
 
 [6]
 

 Defendant sought review of the denial of his motion to suppress evidence by this Court. On July 10, 2009, this Court denied writs in case number 09-K-482, finding the following: •
 

 Relator seeks review of the trial court’s denial of his motion to suppress. He contends that the New Orleans police officers who went to his residence in Jefferson Parish to arrest him on an arrest warrant issued by Orleans Parish were without jurisdiction, therefore any evidence seized after the New Orleans police were at his residence should be suppressed.
 

 On the presentation made, we find no error in the trial court’s denial of relator’s motion.
 
 See,
 
 LSA-C.Cr.P. art. 214;
 
 State v. Jarvis,
 
 97-1174, (La.App. 5 Cir. 4/9/98), 710 So.2d 831. Accordingly, this writ application is denied.
 

 State v. Caulfield,
 
 09-K-492 (La.App. 5 Cir. 7/10/09) (unpublished writ disposition).
 

 Defendant’s writ to the Louisiana Supreme Court was denied.
 
 State ex rel. Caulfield v. State,
 
 09-1853 (La.5/7/10), 34 So.3d 858.
 
 [7]
 

 In his writ application to this Court, defendant challenged the motion to suppress evidence only.
 
 [8]
 
 Under the doc
 
 *607
 
 trine of “law of the case,” an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case.
 
 State v. Doussan,
 
 05-586, p. 7 (La.App. 5 Cir. 2/14/06), 924 So.2d 338, 339 n. 4,
 
 writ denied,
 
 06-0608 (La.10/13/06), 939 So.2d 372. However, application of the law of the case doctrine is discretionary and the denial of a supervisory writ application does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue.
 
 State v. Lathers,
 
 09-20, p. 3 (La.App. 5 Cir. 5/26/09), 15 So.3d 1068, 1070,
 
 writ denied,
 
 09-1341 (La.2/12/10), 27 So.3d 841. Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results.
 
 State v. Jacobs,
 
 04-1219, p. 7 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, 88,
 
 writ denied,
 
 05-2072 (La.4/28/06), 927 So.2d 282,
 
 cert. denied,
 
 549 U.S. 956, 127 S.Ct. 385, 166 L.Ed.2d 276 (2006).
 

 | nIn the case at bar, this Court does not have the benefit of further information discovered at trial because the case did not proceed to trial; however, this Court does have the exhibits from the suppression hearing, which are a part of the appellate record but were not included as attachments to defendant’s writ application. Nevertheless, the focus of defendant’s argument involves defendant’s arrest and whether the NOPD had jurisdiction in this matter. Defendant contends that because of the lack of jurisdiction, all evidence that followed should be suppressed. However, we find that the exhibits from the suppression hearing, which include the search warrant and its application and return, the consent to search form for defendant’s buccal swab, the rights of arrestee form, and defendant’s transcribed statement, are not necessary for consideration of the raised issues. For these reasons, we decline to reconsider this Court’s prior ruling on the same motion to suppress evidence issue since there is no relevant, additional information to consider. Defendant fails to present any new arguments,
 
 [9]
 
 jurisprudence, or evidence to warrant reconsideration of the same issue or to suggest that the prior writ determination was patently erroneous, or that it produced unjust results.
 
 [10]
 
 Accordingly, we find that the rul
 
 *608
 
 ing madfe regarding defendant’s pretrial writ application should not be disturbed.
 
 See State v. Louis,
 
 05-141, p. 5 (La.App. 5 Cir. 7/26/05), 910 So.2d 464, 467 (where this Court declined to reconsider its prior ruling on the same motion to suppress issue since the defendant pled guilty before any trial testimony was taken, there was nothing additional for it to consider, and the defendant failed to present evidence to show that this Court’s prior disposition was patently erroneous or produced unjust results);
 
 [11]
 

 State v. Hollimon,
 
 04-1195, p. 4 (La.App. 5 Cir. 3/29/05), 900 So.2d 999, 1001 (where this Court declined to reverse its previous ruling, recognizing that it had thoroughly analyzed the issue raised by the defendant previously and that there was no new evidence to warrant reconsideration of the issue).
 

 A review of defendant’s writ application indicates that denial' of the motion to suppress defendant’s statements was not challenged in the writ application, and therefore, this Court’s prior ruling would not have included consideration of the motion to suppress defendant’s statements. On appeal, however, we find that this issue has been abandoned. Under Rule 2-12.4 of the Uniform Rules, Courts of Appeal, all specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed.
 
 State v. Tranchant,
 
 10-459, p. 4 (La.App. 5 Cir. 11/23/10), 54 So.3d 730. Restating an assigned error in brief without argument or citation of authority does not constitute briefing.
 
 State v. Lauff,
 
 06-717, p. 9 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 819.
 

 In
 
 State v. Fernandez,
 
 03-987, p. 9 (La.App. 5 Cir. 12/30/03), 864 So.2d 764, 770, this Court found that the defendant failed to brief his position where he merely asserted his position, but failed to include argument or any legal citation in support thereof. The
 
 Fernandez
 
 court found that the assertions presented nothing for review on appeal.
 

 In
 
 State v. Young,
 
 07-988, pp. 9-10 (La.App. 5 Cir. 6/19/08), 988 So.2d 759, 764-65,
 
 writ denied,
 
 08-1599 (La.3/27/09), 5 So.3d 139, this Court determined that the defendant only briefed his motion to suppress evidence and that his assignment of error regarding the motion to suppress statement contained no argument, and therefore, nothing was presented for this Court to review on the motion to suppress statement issue.
 

 In the present case, defendant and his counsel contend that it was alleged that he stated that the drugs and gun found inside the residence was his. However, defendant has failed to brief his position regarding the denial of the motion to suppress his statements with argument or legal citation. Nothing is therefore presented for review on appeal.
 
 [12]
 

 
 *609
 

 ERRORS PATENT DISCUSSION
 

 Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. This review indicates there are discrepancies between the commitment and the transcript. Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).
 

 The commitment reflects that on Count One, defendant was convicted of “CONVICTED FELON WITH A WEAPON— Cocaine” in violation of LSA-R.S. 14:95.1. Defendant did plead guilty to a violation of LSA-R.S. 14:95.1, but this case did not involve cocaine. Although the bill of information indicates that defendant was in possession of a firearm after having previously been convicted of attempted second degree murder and possession with intent to distribute cocaine, 114the prior conviction used for this offense was attempted second degree murder. Thus the term “cocaine” should not be reflected on the commitment in describing this offense. On remand, the trial court is ordered to correct the commitment to omit the term “cocaine” and to reflect that defendant was convicted of possession of a firearm by a convicted felon.
 

 Additionally, there is an error patent involving the enhanced sentence. LSA-R.S. 40:966(B)(1) provides that for possession with intent to distribute heroin, a defendant is subject to imprisonment with at least five years to be served without the benefit of probation or suspension of sentence. In the present case, the trial judge imposed an enhanced sentence of twenty-five years imprisonment at hard labor, with the entire sentence being without the benefit of probation or suspension of sentence and with the first five years without benefit of parole, probation, or suspension of sentence. LSA-R.S. 15:529.1(G) provides that the enhanced sentence shall be without the benefit of probation or suspension of sentence. The restrictions imposed on parole eligibility in multiple offender sentences under LSA-R.S. 15:529.1 are those called for in the reference statute.
 
 See State v. Bruins,
 
 407 So.2d 685, 687 (La.1981) (“[T]he conditions imposed on the sentence are those called for in the reference statute.”). The underlying statute in the present case (LSA-R.S.40:966(B)(1)) does not provide for the prohibition of parole. As such, defendant’s enhanced sentence should not have been imposed with the parole restriction.
 
 See State v. Payne,
 
 10-KA-46 and 10-KA-47 (La.App. 5 Cir. 1/25/11), 59 So.3d 1287, 1295. Accordingly, we amend defendant’s enhanced sentence to delete the prohibition on parole and remand the case to the trial court for correction of the commitment.
 
 See
 
 LSA-C.Cr.P. art. 882(A);
 
 Payne, supra.
 

 For the foregoing reasons, this matter is remanded for the limited purpose of correcting the commitment. The district court is hereby ordered to make the | ^entries in the minutes reflecting these changes and to direct the clerk of court to transmit the original of the corrected minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 
 See
 
 LSA-C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 
 [13]
 

 
 *610
 

 CONCLUSION
 

 The defendant’s convictions and sentences are affirmed as amended. This matter is remanded for the limited purpose of correcting the commitment as set forth above.
 

 CONVICTIONS AND SENTENCES AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS
 

 [1]
 

 . It is noted that defendant’s first name is spelled both as "Sergeant” and “Sergant” throughout the record.
 

 [2]
 

 . Case No. 362-784 is an Orleans Parish proceeding in which defendant was previously convicted.
 

 [3]
 

 . Defendant filed a handwritten,
 
 pro se
 
 supplemental brief on November 12, 2010. Defendant filed a typed version of this brief on December 2, 2010. On this date, this Court ordered that the latter brief be substituted for the original-filed brief. In his brief, defendant argues that the trial court erred in denying his motion to suppress evidence and statements because the officers lacked jurisdiction to arrest him and were not in-close pursuit at the time of the arrest. Defendant's arguments are essentially the same as those raised in the counseled brief. Specifically, defendant argues that the officer in his case unreasonably exceeded his lawful authority and the evidence should be suppressed to enforce the legislative directive of territorial limitations. Defendant also argues that the evidence seized from defendant that resulted from the execution of the warrant that relied on the actions of the New Orleans officers should be suppressed. Defendant notes that a denial on a pre-trial writ does not preclude the issue from being addressed on direct appeal.
 

 [4]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [5]
 

 . Of note, on July 20, 2010, just prior to the guilty plea colloquy, defense counsel offered a stipulation as part of the plea agreement, which was accepted by the State. The stipulation was that if Agent Jason Quick from the Federal Bureau of Investigations had been called to testify at the hearing on the motions, he would have testified that he arrived on the scene after the NOPD officers had arrived and secured the residence. It was further stipulated that the NOPD investigators were not at the residence at the direction of the FBI.
 

 [6]
 

 . Although defense counsel appears to have indicated during the colloquy that there was no issue with the motion to suppress statement, it appears that counsel and the judge clarified that the issue was with "the suppression of the evidence and the legality or illegality of the arrest and confession that went along with it.”
 

 [7]
 

 . Further, defendant requested that the Louisiana Supreme Court reconsider its May 7, 2010 ruling, and reconsideration was denied on August 18, 2010.
 
 State ex rel. Caulfield v. State,
 
 09-1853 (La.8/18/10), 42 So.3d 386.
 

 [8]
 

 . According to Rule 2-1.14 of the Uniform Rules — Courts of Appeal, “[a]ny record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ.” This Court has previously considered a writ application filed in this Court in a subsequently
 
 *607
 
 filed matter.
 
 See State v. Bradley,
 
 02-1130 (La.App. 5 Cir. 3/11/03), 844 So.2d 115,
 
 writ denied,
 
 01-1973 (La.6/14/02), 817 So.2d 1151. The writ application in this case focuses on the motion to suppress evidence. However, it is noted that the written notice of intent reflects that defendant was seeking writs from the denial of the motion to suppress evidence and statement. Further, appellate counsel’s brief and defendant’s
 
 pro se
 
 supplemental brief suggest that the writ application included challenges to both the suppression of the evidence and statements. Likewise, the State suggests both were involved.
 

 [9]
 

 . In defendant’s
 
 pro se
 
 supplemental brief, he suggests that his counsel did not argue in the writ application that the officer was acting without jurisdiction. However, it is evident from this Court’s disposition in case number 09-K-482 that this Court considered the jurisdictional argument.
 

 [10]
 

 . In denying writs in this matter, the panel relied on LSA-C.Cr.P. art. 214, which provides that "[a] private person may make an arrest when the person arrested has committed a felony, whether in or out of his presence.” The panel also relied on
 
 State v. Jarvis,
 
 97-1174 (La.App. 5 Cir. 4/9/98), 710 So.2d 831,
 
 writ denied,
 
 98-2219 (La.1/8/99), 734 So.2d 1222, a case in which the defendant argued that his arrest was illegal because it occurred outside of the deputies’ territorial jurisdiction. This Court determined that the defendant's arrest by a deputy from a neighboring parish was authorized as an arrest by a private citizen.
 
 Id.
 
 The NOPD officer in the present case observed defendant discard a bag of heroin to the ground in his
 
 *608
 
 presence in Jefferson Parish and had a right to arrest defendant after observing defendant abandon the heroin.
 

 [11]
 

 . In
 
 Louis, supra,
 
 this Court noted that the suppression hearing transcript was attached to the writ application and was considered.
 
 Id.,
 
 05-141 at 5, 910 So.2d at 467. In the present case, the suppression hearing transcript was also attached to the writ application.
 

 [12]
 

 . Having already concluded that the NOPD had authority to arrest defendant, even if we were to address the merits of defendant's argument regarding the suppression of his statements, we would find that defendant's statements were made after a lawful arrest and were otherwise admissible.
 

 [13]
 

 . It is noted that the enhanced sentence was ordered to run concurrently with the sentence imposed for Count One — a 15-year sentence which was imposed on defendant without the
 
 *610
 
 benefit of parole, probation, or suspension of sentence. Because of this, ultimately, the first five years of the sentence defendant serves would actually be without the benefit of parole. Therefore, the result of the correction is for purposes of mere accuracy.