DANIEL L. DYSART, Judge.
LA.S., a juvenile, appeals the judgment of the Juvenile Court adjudicating him a delinquent on the sole basis that the trial court erred in denying his motion to suppress. Because this Court previously considered the identical issue raised by A.S., we will not re-examine A.S.’s argument on appeal. Accordingly, we affirm the adjudication and sentence.[1]
FACTS AND PROCEDURAL HISTORY
On June 5, 2012, the State filed a delinquency petition charging A.S., then sixteen years old, with possession of marijuana, a violation of La. R.S. 40:966. A.S. then filed a motion to suppress the evidence, which was denied on the merits at the close of testimony in the adjudication hearing. Counsel for A.S. orally notified the juvenile court of her intention to file a writ with this Court on the denial of the Motion to Suppress. The juvenile court then adjudicated A.S. a delinquent as charged.
li>On October 18, 2012, A.S. filed a Notice of Intent to Seek Writs and the trial court set a return date of November 2, 2012, which was extended to November 9, 2012. This Court denied the writ application, finding no abuse of the juvenile court’s discretion.
On November 15, 2012, the juvenile court held a disposition hearing and imposed a disposition of commitment to the Department of Public Safety and Corrections for a period of time not to exceed six (6) months. Execution of the commitment was suspended and A.S. was placed on inactive probation for six (6) months. This appeal followed.
DISCUSSION
In this appeal, A.S. maintains that the juvenile court erred in denying his motion to suppress the evidence. We note that A.S.’s prior writ application concerned the very issue he raises on appeal. We further note that A.S. points to no new information or evidence in support of his current argument. More importantly, A.S.’s appellate brief adopts his writ application verbatim, which also attached the transcript from the adjudication hearing, the same transcript in the appellate record.
*98 This Court recently discussed the propriety of an appellate court’s review of issues considered in prior writ applications in State v. Duncan, 11-0563, p. 26 (La. App. 4 Cir. 5/2/12), 91 So.3d 504, 520:
Under the law-of-the-case doctrine, courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case. Pitre v. Louisiana Tech University, 95-1466, p. 7 (La.5/10/96), 673 So.2d 585, 589. This court has stated that an appellate court will not reverse its pretrial determinations unless the defendant presents new evidence tending to show that the decision was patently erroneous and produced an unjust result. State v. Gillet, 99-2474, p. 5 (La.App. 4 Cir. 5/10/00), 763 So.2d 725, 728. The “law of the case” doctrine applies to all prior rulings or decisions of an appellate court or the Supreme Court in the same case, not merely those arising from the foil appeal process. State v. Molineux, 2011-0275, p. 3 (La.App. 4 Cir. 10/19/11), 76 So.3d 617, 619.
One distinction between the Duncan case and the instant case is that, in the former case, the two writ applications concerned court rulings from hearings prior to trial (on motions to quash), followed by a full trial on the merits. In Duncan, the defendant argued that the matters addressed by the writ applications “should be reevaluated in light of the entire record.” Id. This Court rejected defendant’s argument, stating:
In the instant case, defendant does not present any new evidence bearing on the correctness of this court’s prior decisions as to the trial court’s denials of defendant’s two motions to quash. Therefore, defendant has failed to demonstrate that this court should not decline to reconsider its prior rulings pursuant to the law of the case doctrine.
Id., See also State v. Caulfield, 10-769, p. 11 (La.App. 5 Cir. 5/24/11), 67 So.3d 600, 607-08 (“we decline to reconsider this Court’s prior ruling on the same motion to suppress evidence issue since there is no relevant, additional information to consider. Defendant fails to present any new arguments, jurisprudence, or evidence to warrant reconsideration of the same issue or to suggest that the prior writ determination was patently erroneous, or that it produced unjust results. Accordingly, we find that the ruling made regarding defendant’s pretrial writ application should not be disturbed.”); State v. Louis, 05-141, p. 5 (La.App. 5 Cir. 7/26/05), 910 So.2d 464, 467 (“[i]n the instant case, this Court considered defendant’s exact argument in its previous ruling on the writ application. On appeal, defendant does not present evidence to show that this Court’s prior ^disposition was patently erroneous or produced unjust results. Contrary to defendant’s assertions, there is no new evidence to warrant reconsideration as the transcript from the motion to suppress hearing ... was attached to the state’s writ application and considered by this Court prior to its decision”).
The instant matter presents a compelling case for the application of the “law of the case” doctrine. Here, A.S. presented no new evidence and, indeed, relied on the very argument (again, verbatim) that was submitted in his writ application, as in the Louis case. A.S. has failed to show that this Court’s prior ruling was patently erroneous or produced an unjust result. Accordingly, we decline to reconsider this Court’s prior ruling. We affirm A.S.’s adjudication and sentence.
AFFIRMED.

. The State challenged the timeliness of this appeal, citing La.C.Cr.P. art. 914, which states that a motion for appeal "must be made no later than ... (t)hirty days after the rendition of the judgment or ruling from which the appeal is taken” or "(t)hirty days from the ruling on a motion to reconsider sentence.” La. C.Cr. P. art. 914(B)(1) and (2). The State's reliance on this article is misplaced. Under the Children's Code, an appeal must be taken within fifteen days from the mailing of notice of the judgment. La. Ch.Code art. 332(A). La. Ch.Code art. 330(B), however, provides that, with respect to delinquency proceedings under Title VIII (as in the instant matter), "an appeal may be taken only after a judgment of disposition.” (Emphasis added). A.S.’s Motion for Appeal, filed fourteen days after the judgment of disposition, is timely.